IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAMON CHARLES WILLIAMS,

    Plaintiff,

v.

COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY ALAMEDA, CASE NO.: 448689B PEOPLE V. DAMON WILLIAMS, HEREINAFTER INFERIOR COURT, HAYWARD HALL OF JUSTICE COURTHOUSE, GARY PICETTI, AN HONORABLE JUDGE, DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY NANCY O'MALLEY, GEORGIA SANTOS, A DEPUTY DISTRICT ATTORNEY, DAVID LIM, A DEPUTY DISTRICT ATTORNEY, MICHEAL O'CONNOR, AN ASSISTANT DISTRICT ATTORNEY, INSPECTOR III PAT JOHNSON #245, INSPECTOR II M. OPPIDO #247, INSPECTOR II R. MILLER #277, INSPECTOR II M. HATHCOX #301, INSPECTOR II J. ISRAEL #297, TOWANDA LEE, CHIEF ASSISTANT OF ASSISTANT DISTRICT ATTORNEY,

    Defendants.

No. C 14-04231 WHA

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND RE PLAINTIFF'S FILINGS**

    In September 2014, *pro se* plaintiff Damon Williams commenced this federal action regarding a criminal action in Alameda Superior Court.

    In October 2014, he filed an application for a temporary restraining order (seeking to enjoin the criminal action), which was denied. No judgment has been entered in this federal action.

    Mr. Williams then filed a "writ of error quae coram nobis resident: FRCP Rule 60," a request for judicial notice, and proposed findings of fact (Dkt. Nos. 12–14). To the extent comprehensible, Mr. Williams appears to move for reconsideration of the October 2014 order denying his application for a temporary restraining order.

Civil Local Rule 7-9(a) requires leave of court before filing a motion for reconsideration. Mr. Williams' motion fails to comport with Civil Local Rule 7-9(b), which states:

> A motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9. The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
>
> (1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2)  The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

He has failed to show that Civil Local Rule 7-9(b)(1), (2), or (3) apply. Accordingly, Mr. Williams' motion is **DENIED**. His request for a hearing on his motion for a temporary restraining order is **DENIED**. His request for judicial notice and proposed findings are **DENIED AS MOOT**.

The October 2014 order gave Mr. Williams an opportunity to show cause why this action should not be dismissed. Mr. Williams requests an extension "until November 7, 2014 [to] file a pleading which expounds on the abstention doctrine." That extension is **GRANTED**, meaning that Mr. Williams has until **NOVEMBER 7, 2014**, to show cause why this action should not be dismissed.

An initial case management conference is hereby set for **THURSDAY, JANUARY 8, 2015, AT 11:00 A.M.** before the Honorable William Alsup. Please report to Courtroom 8, on the 19th Floor, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102. By **DECEMBER 31, 2014 AT NOON**, the parties shall file a joint case management statement that comports with the standing order for all judges of the Northern District of California, available at http://www.cand.uscourts.gov/whaorders.

**IT IS SO ORDERED.**

Dated:   October 24, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2