IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAMON CHARLES WILLIAMS,

    Plaintiff,

v.

COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY ALAMEDA, CASE NO.: 448689B PEOPLE V. DAMON WILLIAMS, HEREINAFTER INFERIOR COURT, HAYWARD HALL OF JUSTICE COURTHOUSE, GARY PICETTI, AN HONORABLE JUDGE, DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY NANCY O'MALLEY, GEORGIA SANTOS, A DEPUTY DISTRICT ATTORNEY, DAVID LIM, A DEPUTY DISTRICT ATTORNEY, MICHEAL O'CONNOR, AN ASSISTANT DISTRICT ATTORNEY, INSPECTOR III PAT JOHNSON #245, INSPECTOR II M. OPPIDO #247, INSPECTOR II R. MILLER #277, INSPECTOR II M. HATHCOX #301, INSPECTOR II J. ISRAEL #297, TOWANDA LEE, CHIEF ASSISTANT OF ASSISTANT DISTRICT ATTORNEY,

    Defendants.

No. C 14-04231 WHA

**ORDER REFERRING MOTION AND DENYING SEALING MOTION**

In September 2014, *pro se* plaintiff Damon Williams commenced this federal action regarding a criminal action in Alameda Superior Court. He then filed a motion for a temporary restraining order and a motion for leave to file a motion for reconsideration. Both were denied. He then filed a motion for entry of default, which was denied. The County of Alameda moved to dismiss, noticed for a hearing on December 11 (Dkt. Nos. 11, 15, 19).

On November 7, Mr. Williams filed a motion for contempt and proposed "order sealing of papers." This order construes his proposed "order sealing of papers" as an administrative motion for leave to file under seal.

**1. SEALING MOTION.**

There is a "strong presumption" in favor of access to court records. *Foltz v. State Farm Mutual Automobile Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). When the "good cause" standard applies, there must be a "particularized showing" that specific harm or prejudice will result if the information is disclosed. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Civil Local Rule 79-5(b) requires a sealing request be "narrowly tailored" to only sealable material. A proper supporting declaration must be timely filed.

Here, no declaration supporting the sealing of the motion for contempt and supporting papers was filed. All Mr. Williams stated was that his motion pertains to "personnel matters." Having read Mr. Williams' submissions, this order finds that no good cause has been shown to seal the submissions. Accordingly, the Clerk shall publicly file Mr. Williams' submissions. The sealing motion is **DENIED**.

**2. MOTION FOR CONTEMPT.**

Mr. Williams moves for an order holding the undersigned judge in "civil contempt or criminal contempt or both." He argues that the "Honorable William H. Alsup alleged contempt is willful and with intent to frustrate the process of this court of record and to deprive plaintiff of the benefits to which he is entitled under the writ."

The Clerk shall **RANDOMLY REASSIGN** this particular motion to be heard by another judge. The hearing on "November 25" is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 10, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2