**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DAMON CHARLES WILLIAMS,**<br><br>         Plaintiff,<br><br>    vs.<br><br>**COURT OF THE STATE OF CALIFORNIA,** *et al.,*<br><br>         Defendants. | Case No.: 14-CV-4231 WHA<br>(referred to YGR)<br><br>**ORDER DENYING MOTION FOR CONTEMPT** |

*Pro se* Plaintiff Damon Charles Williams has filed a Motion for Contempt against Judge William H. Alsup, the judicial officer to which this case is assigned. (Dkt. No. 22 ["the Motion"].) The Motion has been referred to the undersigned pursuant to Civil Local Rule 3-14, which governs disqualification of a judge pursuant to 28 U.S.C. §§ 144. The Court construes the Motion as one seeking a finding of contempt against Judge Alsup, or, alternatively, for disqualification of Judge Alsup.

Having carefully considered the papers submitted, and the filings in this action, the Court **DENIES** the Motion. The Court finds that Williams has not established a basis for holding Judge Alsup in contempt, nor has he made a showing of bias, prejudice, or partiality to justify recusal or disqualification of Judge Alsup.[1]

Williams contends that Judge Alsup is "in contempt" because he entered an order on October 15, 2014, denying Williams' motion for a temporary restraining order which "fails to comply with the rules of Court" because Judge Alsup "summarily ruled without the cloak of the tribunal and without providing a finding and conclusion in support of the action." (Affidavit of Damon Charles

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this Motion is appropriate for decision without a hearing.

Williams, Dkt. No. 23 at 3:8-12.)  Williams cites the document he filed with the Court on October 23, 2014, entitled "Writ of Error Quae Coram Nobis Residant" (Dkt. No. 14), and asserts that "[a]ll persons (magistrate and defendants), fully informed and served, tacitly accepted" the writ by their lack of objection or opposition.  (*Id.* at 2:16-18; *see also* Affidavit of Damon Charles Williams, Dkt. No. 23, at 2:12-18.)[2]

In the "Writ of Error Quae Coram Nobis Residant" document, Williams states that Judge Alsup denied his request for a temporary restraining order without a hearing and without any opposition or objection by defendants.  Williams contends that the order was made "without statement of cause or defect, without concurrence of the parties, without due process including but no [*sic*] limited to previsions [*sic*] under 5 U.S. Code § 704."  (Dkt. No. 14 at 2:21-3:4.)  Williams further asserts that Judge Alsup, "as a magistrate," was without proper authority to issue that order.  (*Id.* at fn1, 2:2-14; *see also* Affidavit of Damon Charles Williams, Dkt. No. 23, at 2:20-24 [arguing that Judge Alsup had a "lack of tribunal authority as a magistrate in this court of record"].)[3]

As a preliminary matter, the Court notes that the "Writ of Error Quae Coram Nobis Residant" filed by Williams on October 23, 2014, is of no effect.  While a party may *petition* the Court to issue a writ, only the Court has the authority to issue a writ.  *See* 28 U.S.C. § 1651.  No writ was issued

---

[2] A writ of *coram nobis* is a highly unusual remedy available only in limited circumstances in criminal cases where a trial court determines that it has made a grave error such that it finds a defendant's conviction should be vacated even though such defendant is no longer in custody.  *See Carlisle v. United States,* 517 U.S. 416, 429 (1996); *United States v. Morgan,* 346 U.S. 502, 511 (1954)); *United States v. Riedl,* 496 F.3d 1003, 1005 (9th Cir.2007) ("It is a highly unusual remedy, available only to correct grave injustices in a narrow range of cases where no more conventional remedy is applicable.")  In order to qualify for *coram nobis* relief, a petitioner must show all of the following: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987); *accord Riedl,* 496 F.3d at 1005.  This is not a criminal case, and Williams submitted nothing of this kind with the documents he filed on October 23, 2014.

[3] Judge Alsup is an Article III federal district court judge.  Williams' assertion that he is a magistrate judge is mistaken.  *See* Northern District of California website, information page for Judge William Alsup, http://www.cand.uscourts.gov/wha.

here. The lack of a response by defendants does not result in the writ being issued, nor does the fact that the Court has not stricken the filing.

Williams' motion to find Judge Alsup in contempt is without merit. Contempt of court is a willful disregard of the authority of the court. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947). Whether the penalties to be imposed are criminal or civil in nature, both require a showing that the party to be held in contempt has disobeyed a court order. *See Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911); *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994) (contempt sanction is "to give effect to the law's purpose of modifying the contemnor's behavior to conform to the terms required in the order").

Here, Judge Alsup, in a proper exercise of his authority as the assigned judge in this action, issued an order denying a motion filed by Williams. Williams' disagreement with that ruling does not give rise to any basis for finding Judge Alsup in contempt. Williams does not argue that Judge Alsup has failed to comply with any order of this court or any other. Simply put, a request to hold the judge himself in contempt for an exercise of his own judicial authority makes no logical sense.

Construing the motion as one for disqualification of Judge Alsup, Williams has offered no basis for such relief either. When a party to a proceeding believes that the judge might have a personal bias or prejudice against him, he may file an affidavit seeking recusal of that judge. 28 U.S.C. §§ 144, 455(b)(1). The affidavit must specifically allege "facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Silba*, 624 F.2d 864, 867 (9th Cir. 1980). The standard for recusal or disqualification under both 28 U.S.C. §§ 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Generally, an adverse judicial ruling is not an adequate basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 549 (1994). Absent some evidence of bias or prejudice originating outside of a proceeding, a judge's rulings may be considered as a basis for disqualification "only in the rarest circumstances." *Id*. at 555 ("[a]lmost invariably they are proper grounds for appeal, not for recusal").

1   Here, Williams contends that Judge Alsup was without authority to issue an order denying his
2   motion for a temporary restraining order, and that it was improper for him to do so without any
3   response or objection from any defendant and without any hearing.  As to Judge Alsup's authority to
4   issue an order, Williams is incorrect.  Judge Alsup is the Article III judge assigned to this matter.  It
5   was well within his authority to rule on the motion before him.  When the merits of a matter can be
6   determined from the moving papers, without more, the Court need not await a response or objection
7   to that motion before making its ruling.  *Cf., e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986)
8   ("If the moving party has not fully discharged this initial burden of production, its motion for
9   summary judgment must be denied, and the Court need not consider whether the moving party has
10  met its ultimate burden of persuasion"); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993)
11  ("A local rule that requires the entry of summary judgment simply because no papers opposing the
12  motion are filed or served, and without regard to whether genuine issues of material fact exist" would
13  be inconsistent with the federal rules).  Further, both Federal Rule of Civil Procedure 78(b) and Civil
14  Local Rule 7-1(b) permit the Court to rule on a motion without oral argument.

15  On the record before the Court, the undersigned finds no evidence of personal bias or
16  prejudice against Williams.  The mere fact of an adverse ruling, or issuance of a ruling without a
17  hearing, does not establish any bias or prejudice.

18  Based upon the foregoing, the Motion for a finding of contempt, or alternatively for
19  disqualification, is **DENIED**.

20  This Order terminates Docket Number 22.

21  **IT IS SO ORDERED.**

22  Date: November 18, 2014

    **YVONNE GONZALEZ ROGERS**
23  **UNITED STATES DISTRICT COURT JUDGE**