**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAMON CHARLES WILLIAMS,

    Plaintiff,

v.

COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA, CASE NO. 448689B, PEOPLE V. DAMON WILLIAMS, HEREINAFTER INFERIOR COURT, HAYWARD HALL OF JUSTICE COURTHOUSE, GARY PICETTI, AN HONORABLE JUDGE, DISTRICT ATTORNEY'S OFFICE, DISTRICT ATTORNEY NANCY O'MALLEY, GEORGIA SANTOS, A DEPUTY DISTRICT ATTORNEY, DAVID LIM, A DEPUTY DISTRICT ATTORNEY, MICHAEL O'CONNOR, AN ASSISTANT DISTRICT ATTORNEY, INSPECTOR III PAT JOHNSON #245, INSPECTOR II M. OPPIDO #247, INSPECTOR II R. MILLER #277, INSPECTOR II M. HATHCOX # 301, INSPECTOR II J. ISRAEL #297, TOWANDA LEE, CHIEF ASSISTANT OF ASSISTANT DISTRICT ATTORNEY,

    Defendants.

No. C 14-04231 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

*Pro se* plaintiff is accused of forgery in an ongoing state criminal prosecution. He seeks to enjoin that state proceeding. Defendant moves to dismiss the complaint. For the reasons stated herein, defendant's motion is **GRANTED**.

**STATEMENT**

In 2013, a criminal complaint was filed in state court against Damon Williams and another, alleging forgery in connection with an assignment of a deed of trust.

Mr. Williams then purportedly requested copies of the oaths of office of various individuals in the district attorney's office, employee files, and "bonding information" via California public record requests. He also requested various records, including "grand jury transcripts," a "list of all persons present during each day of grand jury proceedings," the "Superior Court's answers to grand juror's questions," and so forth.

An arrest warrant issued based on his failure to appear at the arraignment. He surrendered, posted bail, moved to dismiss the criminal complaint, and filed a "demurrer to information and request for dismissal." All motions to dismiss the criminal charges were denied.

In September 2014, while the prosecution was underway, Mr. Williams commenced this federal action under Section 1983 alleging, *inter alia*, that certain County of Alameda personnel violated his constitutional rights in the prosecution of his ongoing state criminal proceeding. Although Mr. Williams named numerous parties as defendants, only the County of Alameda has appeared. The certificate of service for the complaint stated it was personally served to Ronda Bailey at "1221 Oak Street 5th Floor / Board of Supervisors, Oakland, CA 94612" in October 2014 (Dkt. No. 5). Mr. Williams seeks declaratory relief as well as a permanent injunction barring the County from "interfering in any way with Plaintiff's lawful right to negotiate and enter into contracts" (Amd. Compl. ¶¶ 4, 19).

In October 2014, Mr. Williams filed herein a motion for a temporary restraining order seeking to enjoin the state prosecution. The motion was denied. It was unnecessary to wait for plaintiff to properly serve all of the named defendants before ruling on the motion plaintiff brought. He was then given the opportunity to explain why this action should not be dismissed. No response was timely filed. Instead, Mr. Williams filed a "writ of error quae coram nobis resident: FRCP Rule 60," a request for judicial notice, and proposed "findings of fact." His motion was denied (Dkt. Nos. 7, 11–15).

On November 3, Mr. Williams moved for entry of default, which was denied by the Clerk of the Court. Defendant County of Alameda then moved to dismiss.

Mr. Williams next filed a motion for contempt seeking to find the undersigned judge "to be in either civil contempt or criminal contempt or both" with regards to the denial of Mr. Williams' motion for a temporary restraining order. That specific motion was referred to a randomly assigned judge. Judge Yvonne Gonzales Rogers denied Mr. Williams' motion (Dkt. No. 26).

Mr. Williams then failed to timely file an opposition to the pending motion to dismiss. Nevertheless, an extension was granted. He filed an opposition brief and the County filed a reply. This order follows full briefing and oral argument. Mr. Williams appeared in person and was heard.

**ANALYSIS**

The County argues that this Court should abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37, 54 (1971). There is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982). *Younger* abstention is appropriate if (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions.

All three conditions are met here and *Younger* abstention is therefore appropriate. Mr. Williams admits and the parties do not dispute that the first two criteria of *Younger* are met. That is, the state criminal proceedings are ongoing and important state interests are implicated. Where the parties disagree is whether the state proceedings provide an adequate opportunity to raise federal questions. Specifically, Mr. Williams argues in his opposition brief that the County is "impeding his right to present a defense," "violat[ing] his federal constitutional rights," and acting in "bad faith" in connection with discovery in the ongoing state prosecution.

3

1    As stated before, Mr. Williams may raise these alleged discovery disputes and alleged
2 "constitutional violations" in his state criminal proceeding and/or via a timely appeal to the
3 proper court.

4    Mr. Williams' amended complaint herein does not fall outside *Younger* preemption
5 merely because it seeks to "declare" the actions of the County unconstitutional. The Supreme
6 Court has stated that where an injunction would be impermissible under *Younger* against a
7 pending state criminal prosecution, declaratory relief should ordinarily be denied as well.
8 *Samuels v. Mackell*, 401 U.S. 66, 73 (1972).

9    *Green v. City of Tucson*, 255 F.3d 1086, 1086 (9th Cir. 2001), is unavailing. In *Green*,
10 our court of appeals stated that "*Younger* applies only when the relief the plaintiff seeks in
11 federal court would 'interfere' with the ongoing state judicial proceeding." *Id.* at 1098.
12 The court defined "interfere" as seeking to "enjoin, declare invalid, or otherwise involve the
13 federal courts in terminating or truncating the state court proceedings." *Ibid.* Mr. Williams
14 claims that the declaration he seeks does not constitute "interference" under *Green.* Not so.

15    In *Gilbertson v. Albright*, 381 F.3d 965, 968–69 (9th Cir. 2004), our court of appeals
16 "receded" from its statements in *Green* and stated that "*Younger* principles apply to actions at
17 law as well as for injunctive or declaratory relief because a determination that the federal
18 plaintiff's constitutional rights have been violated would have the same practical effect as a
19 declaration or injunction on pending state proceeding." Accordingly, abstention is required
20 here.

21    In his opposition brief, Mr. Williams argues that his amended complaint established a
22 plausible *Monell* claim. This is imprecise, for the operative pleading only alleged certain
23 "jurisdictional" defects regarding the prosecution of his state proceeding (Amd. Compl. 15).
24 It was only in his opposition brief that he argued that defendants have a "policy, custom, and
25 practice of forging documents used to simulate legal processes and initiate criminal proceedings,
26 for purely pecuniary purposes," and "a custom in place whereby they instituted criminal
27 proceedings despite the lack of evidence that a crime has been committed" (Opp. 5). These new
28 arguments were never properly pled in the complaint.

4

To plead a *Monell* claim, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School District No. 40*, 130 F.3d 432, 438–39 (9th Cir. 1997) (citation omitted). This was never properly done, even viewing the operative pleading in the light most favorable to Mr. Williams. Regardless of whatever mischief the County may be up to, the fact remains that plaintiff may, upon proper motion, obtain relief from the State Superior Court.

## CONCLUSION

For the foregoing reasons, the County's motion to dismiss is **GRANTED**. The Court is firmly of the view that the fundamental defects in this lawsuit cannot be cured by amendment. Therefore, leave to amend will not be permitted and plaintiff is now free to pursue his case before the court of appeals, subject to proper timely appeal and docketing.

**IT IS SO ORDERED.**

Dated: December 12, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5